**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WILLIAM THOMAS,**<br><br>          **Plaintiff,**<br><br>     v.<br><br>**S. DAVIS, Asst. Superintendent D.O.C.; SHANTAY ADAMS, Unit Director D.H.S.; JACYLEN OTTINO, Program Coordinator D.H.S.; J. JONES, Lt. Second Shift Supervisor D.O.C.; Dr. MERRIL MAIN, Clinical Director D.H.S.**<br><br>          **Defendants.** | Civ. No. 14-7341 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.**

   *Pro se* Plaintiff William Thomas brings this action pursuant to 42 U.S.C. § 1983. This matter comes before the Court on Defendants' unopposed motions to dismiss for failure to state a claim. For the reasons that follow, Defendants' motions will be **GRANTED**.

**I.   BACKGROUND**

   William Thomas is a sexually violent offender civilly committed at the East Jersey State Prison's Special Treatment Unit ("STU") in Avenel, New Jersey. Defendants Davis and Jones are employees of the New Jersey Department of Corrections ("DOC"). The Court will refer to those individuals collectively as "the DOC Defendants." Defendants Adams, Ottino, and Main are employees of the New Jersey Department of Human Services ("DHS"). The Court will refer to those individuals collectively as "the DHS Defendants." Unless otherwise noted, the following facts are alleged in Thomas' complaint.

   On or about September 24, 2014, STU personnel received a tip that Thomas possessed a dangerous weapon in the recreation yard. Based on that tip, DOC staff forcibly restrained Thomas and subsequently placed him "on watch" at the direction of DHS staff. After being placed on watch for eight days, Thomas was transferred to the Acute Psychiatric Services ("APS") Unit in Piscataway, New Jersey. He remained there for four

days until he was moved to the Ann Klein Forensic Center in West Trenton, where he remained for a month and a half. On November 10, 2014, DOC staff transported Thomas back to the STU. There, DOC staff harassed Thomas, and DHS staff deprived him of his personal belongings.

On November 14, 2014, the DHS Defendants authorized the DOC Defendants to place Thomas in the modified activity program ("MAP"). Thomas alleges that while holding him in MAP, the DHS and DOC Defendants hindered his treatment for violent sexual activity. He specifically claims that his placement in MAP and subsequent reduction in treatment "violated the patient bill of rights," which includes "a right to treatment for [his] illness, psychological [sic], physically, etc." Thomas further alleges that he has been unable to attend anger management and substance abuse meetings, "which in turn will hinder [his] release back into society." On November 24, 2014, Plaintiff filed this complaint, which alleges violations of 42 U.S.C. § 1983. Defendants have now filed motions to dismiss, which remain unopposed.

## II.   MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

*A. Civil Rights Claims (Generally)*

In an action pursuant to 42 U.S.C. § 1983, the defendant's personal involvement in the behavior complained of is an essential element. *See Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987); *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). "Personal involvement can be shown through allegations of personal direction or of actual knowledge or acquiescence." *Richards v. Jones*, 31 F. Supp. 3d 630, 634 (D. Del. 2014) (citing *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011)). *See also Telfair v. Tandy*, 797 F. Supp. 2d 508, 523 (D.N.J. 2011) (dismissing arrestee plaintiff's civil rights complaint where plaintiff alleged that he was denied medical care but failed to provide facts that indicated how defendant was personally involved).

Thomas' complaint must be dismissed because it does not explain Defendants' personal involvement in the denial of his treatment. The crux of Thomas' complaint is that he was deprived of access to group therapy and mental health treatment after being placed in MAP. The complaint, however, lacks any explanation as to how Defendants were personally involved in the alleged wrongdoing. For example, Thomas fails to allege how Defendants individually "violated the patient bill of rights," or how they were personally involved in depriving him of an "opportunity to deal with [his] primary reason for being in STU."

To the extent the complaint can be liberally read to allege Defendants' personal involvement, it fails to plead sufficient facts to survive a motion to dismiss. *See, e.g., Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("a civil rights complaint is adequate where it states the conduct, time, place and persons responsible"). For example, Thomas' assertion that Defendant Ottino "cover[ed] up the false reports that D.O.C. wrote on [him] to get [him] placed on M.A.P. . . . causing [his] treatment to stop" fails to state what the reports were about, when they were filed, how they caused his MAP placement, and what role they had in the cessation of his treatment. Similarly, he alleges that his placement in MAP was "clearly punitive and spiteful," but fails to explain why. Consequently, the Court will grant Defendants' motions to dismiss. *See Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556); *Sutton*, 323 F.3d at 249-50.

*B. Deliberate Indifference Claims*

The complaint is also subject to dismissal because it fails to sufficiently plead an unconstitutional denial of medical treatment. For an incarcerated plaintiff to sufficiently plead an unconstitutional denial of medical treatment, the plaintiff must plead (1) that the defendants were deliberately indifferent to their medical needs, and (2) that those needs were serious. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts have found deliberate indifference where a defendant, (1) knows of plaintiff's need of treatment and refuses to provide it; (2) delays necessary treatment for a non-medical reason; (3) prevents plaintiff from receiving needed

3

treatment; or (4) persists in treatment in spite of resulting pain or risk of permanent injury to plaintiff. *See Rouse*, 182 F.3d at 197 (citations omitted); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 246-47 (3d Cir. 1987).

As explained in the previous section, Thomas has failed to sufficiently allege how each Defendant was deliberately indifferent to his medical needs. Moreover, Thomas has failed to sufficiently allege that his medical needs were serious. A medical need is serious where (1) "it is 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a layperson would easily recognize the necessity for a doctor's attention;'" (2) its denial results in unnecessary and wanton infliction of pain; or (3) its denial causes plaintiff to suffer a life-long handicap or permanent loss. *See Lanzaro*, 834 F.2d at 347 (citations omitted). The complaint fails to allege that Thomas' medical needs fell within any of the three foregoing categories, and instead merely asserts that the alleged deprivation of treatment would "hinder [his] release back into society." While that may be a legitimate concern, it does not rise to the level of a "serious medical need" required for Thomas' claim to be actionable. However, the Court will grant Thomas thirty days leave to amend so that he is afforded an opportunity to cure the deficiencies in his pleadings. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir.2007) (leave to amend must be granted *sua sponte* in civil rights cases).

### III.  CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Thomas is granted thirty days leave to amend his complaint.

                                             /s/ William J. Martini  
                            **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 16, 2015**